UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAMUEL W. DAWES,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MARY MCCARTHY, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:18-cv-00357-MMD-WGC<br><br>**ORDER** |

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1). Plaintiff has also filed a Motion for Leave to File Motion for Partial or Full Summary Judgment. (ECF No. 5.)

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $3.77, and his average monthly deposits were $21.67.

Plaintiff's application to proceed IFP is granted. He is required to pay an initial partial filing fee in the amount of $4.33 (20 percent of $21.67). Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## **II. SCREENING**

### A. Standard

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is

incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a

claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

The caption of Plaintiff's pro se complaint names Mary McCarthy, Shaquala Douglas, the State of Nevada ex. rel. DFS (presumably referring to the Nevada Division of Child and Family Services). (ECF No. 1-1 at 2.) The complaint goes on to list as defendants Mary McCarthy, Shaquala Douglas, and John and Jane Does A-C. (ECF No. 1-1 at 2.) McCarthy is identified as a CPS caseworker, and Douglas is identified as McCarthy's supervisor at DFS. (*Id*.)

Generally, Plaintiff alleges that he is a convicted Tier II sex offender via a plea agreement, and is about to get out of prison and expire his sentence with no parole obligations. (ECF No. 1-1 at 3.) He avers that he has a biological daughter with his wife, and that when his wife informed DFS that he would be returning home and that the family planned to move to Texas, the Defendants threatened that the child would be taken away if that were the case. (*Id*. at 3-4.) He claims that his daughter was not a victim in the underlying sex offense case. (*Id*. at 4.) He goes on to allege that the Clark County Department of Family Services case plan does not include him in the reunification plan, and states that he is an "untreated sex offender." (*Id*.) He contends that as a Tier II sex offender, he can legally be around children, live near schools, go to amusement parks, and can live in a house with children as long as there is a non-supervising adult (his wife). (*Id*.)

With those general factual allegations set forth in the beginning of the complaint, Plaintiff then includes four counts.

**1. Count I**

In Count I, Plaintiff states that his right to life, liberty and the pursuit of happiness under has been or will be denied when he expires his sentence, because Defendants will take his daughter if he returns home to his wife. (ECF No. 1-1 at 5.) While Plaintiff references the Thirteenth

Amendment, the court assumes Plaintiff meant to reference the Fourteenth Amendment, as the Thirteenth Amendment prohibits slavery or involuntary servitude. He contends he is legally permitted to be around children, his daughter was not his victim, and yet he is not part of the State's reunification plan. (*Id*. at 5-6.)

"It is well established that a parent has a 'fundamental liberty interest' in 'the companionship and society of his or her child' and that '[t]he state's interference with that liberty interest without due process of law is remediable under [42 U.S.C. § 1983]." *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (quoting *Kelson v. City of Springfield*, 767 F.2d 651, 654-55 (9th Cir. 1985) (alterations original); *see also Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) (parents and children have a constitutional right "to live together without governmental interference").

"'[T]his constitutional interest in in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents.'" *Lee,* 250 F.3d at 685 (quoting *Smith v. Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999)). "Moreover, 'the First Amendment protects those relationships, including family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'" *Id*. (quoting *Board of Dir. v. Rotary Club*, 481 U.S. 537, 545 (1987)).

While the constitutional rights to family integrity are not absolute, the court finds Plaintiff states cognizable claims under the Fourteenth and First Amendments at this juncture. *See Mueller v. Auker,* 700 F.3d 1180, 1186 (9th Cir. 2012) ("Under certain circumstances, these rights must bow to other countervailing interests and rights, such as the basic independent life and liberty rights of the child and of the State acting as *parens patriae;* and on occasion, this accommodation may occur without a pre-deprivation hearing."); *Woodrum v. Woodward Cnty*., 866 F.2d 1121, 1125 (9th Cir. 1989) ("interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children").

///

**2. Count II**

In Count II, Plaintiff alleges he has a right to equal protection and due process of law under the Fourteenth Amendment of the Constitution and under the Nevada Constitution, and that he is protected from sexual discrimination under the Civil Rights Act of 1964. (ECF No. 1-1 at 8.)

He claims he was denied these rights when he discovered that the Defendants did not include him in the reunification plan because he was a male sex offender. (*Id*.) He avers that other states and state agencies do not violate the parental rights of convicted felons unless the minors are directly hurt by the conduct. (*Id*.) He says that they will not close the case, and instead try to extend the six-month reviews to his release date based on generalizations about sex offenders. (*Id*. at 7.)

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Vill. of Willbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff does not allege membership in a protected class. He alleges he was treated differently because he is a male sex offender. While a rational basis for the alleged disparate treatment may be asserted by the defendants, Plaintiff states a cognizable claim under the Equal Protection Clause at this juncture.

The Due Process Clause claim was analyzed with respect to Count I.

Plaintiff also mentions the Civil Rights Act of 1964. Title VI of the Civil Rights Act of 1964 prohibits discrimination by recipients of federal funds on the basis of race, color and national origin. 42 U.S.C. § 2000d. While Title VII prohibits employment discrimination by certain employers on the basis of race, color, religion, *sex*, or national origin, Title VII is not implicated here. Therefore, Plaintiff's claim is more appropriately analyzed under the Equal Protection

Clause.

**3. Count III**

In Count III, Plaintiff alleges his right to protection against cruel and unusual punishment has been violated because the threat to take his child away has extended his imposed punishment. (ECF No. 1-1 at 9-10.)

The Eighth Amendment "proscribes punishments grossly disproportionate to the severity of the crime." *Estelle v. Gamble*, 429 U.S. 97, 103 n. 7 (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

Liberally construed, Plaintiff states a cognizable claim for violation of the Eighth Amendment, based on allegations that his punishment resulted in deprivation of familial association.

**4. Count IV**

In Count IV, Plaintiff asserts a retaliation claim under the First Amendment. (ECF No. 1-1 at 11-12.)

Plaintiff alleges that after he told his wife about his intention to sue Mary McCarthy and Shaquala Douglas on a monitored phone call, NDOC blocked communication with his wife and minor daughter. He goes on to state that if it was his wife who blocked his call, the State is still liable for taking action to destroy his marriage.

States are not persons for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). A governmental agency that is an arm of the state is not a person subject to suit under section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Therefore, Plaintiff may not proceed against the State or NDOC. Since he has not named a viable defendant in Count IV, this claim will be dismissed without prejudice and with leave to amend to name a proper defendant.

### III. OTHER MATTERS

Plaintiff has filed a motion for a preliminary or permanent injunction. Plaintiff states that he is set to expire his sentence in January of 2019, and that Douglas threatened that if he returns home the State will take their daughter, and now his wife has indicated an intent to divorce him.

Once service is accomplished, the Defendants may file a response to this motion, and Plaintiff can then file a reply brief. When the matter is fully briefed, the court will review it and set the motion for a hearing, if necessary.

Plaintiff has also filed a motion for leave to file a motion for summary judgment. This motion is premature as no defendant has yet been served or otherwise appeared in the case. Therefore, this motion is denied without prejudice.

### IV. CONCLUSIONS

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**; however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $4.33, within **thirty (30) days** of this order. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk shall **SEND** a copy of any order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Prisons**, P.O. Box 7011, Carson City, NV 89702.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1);

(3) The Complaint may proceed against Mary McCarthy and Shaquala Douglas on the First and Fourteenth Amendment claims asserted in Count I; the Equal Protection Clause claim in Count II; and the Eighth Amendment claim in Count III.

(4) Count IV is **DISMISSED WITHOUT PREJUDICE, AND WITH LEAVE TO AMEND** to substitute a proper party within **thirty (30) days** of the date of this Order.

(5) Plaintiff's motion for leave to file a motion for summary judgment (ECF No. 5) is **DENIED WITHOUT PREJUDICE** as premature.

(6) The Clerk shall **ISSUE** summonses for Ms. McCarthy and Ms. Douglas, and send the same to the U.S. Marshal. The Clerk shall also send two (2) copies of the Complaint and two (2) copy of this order to the U.S. Marshal for service on the Defendants. The Clerk shall also send to Plaintiff two (2) USM-285 forms. Plaintiff shall have until **Monday, September 17, 2018**, to complete the USM-285 forms and return them to the U.S. Marshal to complete service upon the

Defendants. Within twenty (20) days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff shall file a notice with the court indicating whether the defendants were served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted. Plaintiff should be reminded that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety days of the date of this Order.

If Plaintiff should require additional time to meet deadlines set by this court, he must file a motion for an extension of time in accordance with Local Rule 26-4. If he requires an extension of time to effectuate service, the motion must be supported by good cause and shall be filed *before* the expiration of the ninety-day period.

Once service is accomplished, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the defendants or, if an appearance has been entered by counsel, upon the attorney. Plaintiff shall include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

DATED: August 27, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE