**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SAMUEL W. DAWES,

Plaintiff

v.

MARY MCCARTHY, et. al.,

Defendants

Case No.: 3:18-cv-00357-MMD-WGC

**Report & Recommendation of United States Magistrate Judge**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Upon reviewing plaintiff Samuel W. Dawes' most recent filings, the court concludes that this action should be dismissed under the doctrine of *Younger* abstention.

## I. BACKGROUND

Dawes filed his application for leave to proceed in forma pauperis (IFP) and pro se complaint on July 25, 2018. (ECF Nos. 1, 1-1.) On August 8, 2018, he filed a motion for preliminary, or alternatively, permanent injunction. (ECF No. 3.) On August 27, 2018, the court issued an order granting his IFP application (though he is still required to pay the entire $350 filing fee over time since he is a prisoner under 28 U.S.C. § 1915(b)), and screened his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A.

**A. Complaint & Screening**

**1. Summary of Allegations**

Dawes sues Mary McCarthy and Shaquala Douglas, identified as a CPS caseworker and her supervisor, respectively, that are involved in his and his wife's case concerning their biological daughter. He also named the State of Nevada ex. rel. DFS (presumably referring to the Nevada Division of Child and Family Services, although he later refers to the Clark County Department of Family Services, so it is unclear) and John and Jane Does A-C. (ECF No. 1-1 at 2.)

Dawes alleges that he is a convicted Tier II sex offender (via plea agreement), who is currently incarcerated, but set to expire his sentence on January 1, 2019. He has a biological daughter with his wife, Jessica Dawes, and he claims that the defendants refused to close their case after he and his wife did everything required to retain custody of their daughter. His wife informed DFS that Dawes would be expiring his sentence, returning home, and that they would be moving to Texas, where Dawes is from. (ECF No. 1-1 at 3.) Dawes claims that the defendants threatened his wife that if she kept Dawes as her husband and allowed him to return home, their daughter would be taken away. (*Id*. at 4.)

He alleges that the DFS case plan does not include him in the reunification aspect of the plan, and the plan also suggests he cannot control sexual impulses and is an "untreated" sex offender. Dawes explains that he is at an institution (Ely State Prison) that has "no more sex offender programming." In addition, he contends that as a Tier II sex offender, he can legally be around children, live near schools, go to amusement parks, and live in a house with children as long there is a non-sex offender supervising adult (his wife). (*Id*.)

The complaint goes on to assert four separate counts with various claims included under each count, which the court screened.

**2. Count I**

In Count I, Dawes states that his right to life, liberty and the pursuit of happiness will be denied when he expires his sentence because defendants will take his daughter if he returns home to his wife. Dawes referenced the Thirteenth Amendment, but the court construed his allegations as asserting a claim under the Fourteenth Amendment. (ECF No. 1-1 at 5-6.)

Based on these allegations, the court allowed Dawes to proceed with claims under the First and Fourteenth Amendments. (*See* ECF No. 6 at 4-5, citing authority for fundamental liberty interest in companionship of child, and First Amendment protection for familial relationships.)

**3. Count II**

In Count II, Dawes alleges he has a right to equal protection and due process of law under the Fourteenth Amendment and under the Nevada Constitution, and that he is protected from sexual discrimination under the Civil Rights Act of 1964. Specifically, he alleges these rights were violated because defendants did not include him in the reunification plan because he is a male sex offender. (ECF No. 1-1 at 8.)

Construing his allegations liberally, and taking the facts alleged as true, the court allowed Dawes to proceed with his equal protection claim. While Dawes made a fleeting reference to the Civil Rights Act of 1964, Dawes' allegations did not implicate the Act, and were more appropriately construed as asserting the equal protection claim. (ECF No. 6 at 6.) The due process claim was addressed in connection with Count I.

**4. Count III**

In Count III, Dawes alleges his right to protection against cruel and unusual punishment has been violated because the threat to take his child away because of his conviction extended his imposed punishment.

Liberally construing the allegations, the court allowed Dawes to proceed with his Eighth Amendment claim that this would exceed his imposed punishment. (ECF No. 6 at 7.)

**5. Count IV**

In Count IV, Dawes asserts a retaliation claim, contending that he told his wife about his intention to sue these defendants on a monitored call, and the Nevada Department of Corrections (NDOC) blocked communication with his wife and minor daughter. He also alleged that if it was his wife who was blocking his calls, the State is still liable for taking action to destroy his marriage. (ECF No. 1-1 at 11-12.)

The court found Dawes did not name a viable defendant in Count IV as neither the State nor NDOC—which is considered an arm of the State—can be considered a person subject to suit under section 1983. Dawes was given leave to amend to assert a claim against a viable defendant in Count IV. Dawes did not do so; therefore, the complaint is only proceeding as to Counts I, II and III.

The court ordered the Clerk to file the complaint, and to issue summonses for the defendants. (ECF No. 6.)

**B. Order for Briefing on Motion for Preliminary or Permanent Injunction Once Service was Completed**

The court acknowledged that Dawes had filed a motion for preliminary or permanent injunction and advised him that once the defendants were served with the summons and

complaint, they could file a response to the motion, Dawes could file a reply brief, and the court would review the briefing and set the matter for a hearing, if necessary. (ECF No. 6 at 8.)

**C. Status of the Parties**

The summonses for Douglas and McCarthy were issued on August 27, 2018. (ECF No. 8.) The summons was returned unexecuted as to McCarthy on October 22, 2018. (ECF No. 10.)

Dawes also filed an "Ex Parte Motion to Add Party as Involuntary Plaintiff and Process Service: FRCP Rule 14, 19, 21." (ECF Nos. 9, 9-1.) In this motion, Dawes seeks to add his wife, Jessica Dawes, as an involuntary plaintiff.

In that motion, Dawes asserts, contrary to his allegation in the complaint, that McCarthy is the attorney and legal counsel record for their minor daughter. (ECF No. 9 at 2.) He gives another address for service for McCarthy and points the court and U.S. Marshals to the State Bar directory to find an address to serve her. He includes an amended complaint containing his wife's name as an involuntary plaintiff. (ECF No. 9-1 at 2.) The proposed amended complaint asks for injunctive relief against DFS/CPS from taking his child away (which he indicates was already done), and from forcing him and his wife to separate because he is getting out of prison, along with declaratory and "speculative compensatory, exemplary, punitive and nuisance.

On November 1, 2018, he filed a request for a new summons for Mary McCarthy, so he can serve her at another address. (ECF No. 13.)

**D. Motion for Appointment of Counsel and Emergency Motion to Expedite the Motion for Preliminary Injunction**

On October 22, 2018, Dawes filed a motion for appointment of CJA civil rights counsel under 28 U.S.C. § 1915. (ECF No. 11.) In addition, he filed an emergency motion to expedite the motion for preliminary injunction. (ECF No. 12.)

In the latter document, Dawes asserts that the State has moved to terminate his parental rights because he is a sex offender expiring his sentence. He reiterates his claim made in the complaint that the custody case was going to close until it was taken over by Douglas. He proceeds to argue that termination of his parental rights is not in the best interests of the minor child. (*Id*. at 2.)

Dawes attaches a letter from the Clark County District Attorney's Office dated October 10, 2018, informing Dawes that the Clark County District Attorney's Office will immediately begin proceedings to terminate his parental rights. The letter advises him that if he wishes to protect his rights, "it is extremely important that 'he' contact the assigned Case Manager, Shaquala Douglas, immediately upon receipt of this letter[.]"He was also cautioned that a failure to respond to the letter of appear for the termination hearing (once scheduled) would result in the court proceeding with termination of parental rights. (*Id*. at 3.)

Dawes then asks this court to enjoin the termination of his parental rights. (*Id*. at 5.)

Upon reviewing these latest filings, and undertaking a further review of the complaint, the court recommends dismissal of this action under the *Younger* abstention doctrine because Dawes seeks to enjoin ongoing state proceedings concerning his parental rights.

**II. DISCUSSION**

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "counsel[ed] federal-court abstention when there is a pending state proceeding[.]" *Moore v. Sims*, 442 U.S. 415, 423 (1979); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Abstention in a civil case "is appropriate only when state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citation omitted); *Cook v. Harding*, 879 F.3d 1035 (9th Cir. 2018) ("*Younger* abstention is improper in civil cases outside of the two limited categories" of quasi-criminal enforcement actions or actions involving a state's interest in enforcing the orders and judgments of its courts).

There are exceptions to *Younger* abstention, including "those cases where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph[.]" *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975).

In *Moore v. Sims*, 442 U.S. 415, 423 (1979), the Supreme Court abstained from a constitutional challenge to state custody removal proceedings. In *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000), the Ninth Circuit concluded that abstention was required in a case where the plaintiff sought an injunction to vacate a child custody determination.

Here, Dawes' filings make clear that state proceedings regarding his parental rights are ongoing since he seeks an order enjoining termination of his parental rights and attaches a letter from the district attorney that termination proceedings are moving forward.

The state proceedings undoubtedly involve Nevada's interest in enforcing orders and judgments concerning parental rights, and the proceeding implicates an important state interest. "Family relations are a traditional area of state concern." *Moore*, 442 U.S. at 435. State courts have a special expertise and experience in child custody situations that this court lacks. *See Koppel*, 203 F.3d at 613; *see also Peterson v. Babbit*, 708 F.2d 465, 466 (9th Cir. 1983) ("The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulations and supervision of domestic relations within their border is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.").

Finally, the court has no reason to believe that Dawes cannot raise his federal challenges in the state proceeding. Abstention is proper even where a complaint raises federal constitutional issues but at its core is a child custody dispute because "[i]f the constitutional claims in the case have independent merit, the state courts are competent to hear them." *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987).

Like *Moore* and *Koppel*, this is precisely the type of case to which *Younger* abstention applies as we have a plaintiff who seeks federal intervention into an ongoing state domestic proceeding concerning parental rights. Therefore, the action should be dismissed.

According to the letter from the district attorney, if he has not already done so, Dawes should contact the case manager if he wishes to protect his parental rights. Dawes may raise his

federal constitutional claims in the state proceeding. In addition, indigent parents involved in parental rights termination cases may be entitled to a court-appointed attorney.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order that this action be **DISMISSED** under the *Younger* abstention doctrine.

IT IS FURTHER RECOMMENDED that the following motions be **DENIED AS MOOT**: (1) motion for preliminary or permanent injunction (ECF No. 3); (2) ex parte motion to add party as involuntary plaintiff (ECF No. 9); (3) motion for appointment of counsel (ECF No. 11); (4) emergency motion to expedite the motion for preliminary or permanent injunction hearing (ECF No. 12); and (5) the request for summons for Mary McCarthy (ECF No. 13).

Dawes should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 5, 2018

William G. Cobb
United States Magistrate Judge