UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMUEL W. DAWES,<br><br>      Plaintiff,<br>  v.<br>MARY MCCARTHY, *et al.*,<br>      Defendants. | Case No. 3:18-cv-00357-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I. SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 14) ("R&R") that the Court dismiss Plaintiff's civil rights complaint ("Complaint") (ECF No. 1-1) under the doctrine of *Younger*[1] abstention. Plaintiff has filed an objection. (ECF No. 16.) The Court overrules Plaintiff's objection and accepts and adopts the R&R in its entirety. Because the Court dismisses the case under *Younger*, all pending motions are denied as moot.

**II. BACKGROUND**

Plaintiff, an inmate in custody of the Nevada Department of Corrections who is proceeding *pro se* and *in forma pauperis*, sues Mary McCarthy and Shaquala Douglas, identified as a Child Protective Service ("CPS") caseworker and her supervisor. (ECF No. 1-1 at 2.) He also sues the State of Nevada ex rel. DFS, NDOC, and John and Jane Does. (*Id.*) Plaintiff alleges four counts. (*See generally* ECF No. 1-1.) Relevantly here, Plaintiff

///

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

alleges that he is a convicted Tier II sex offender (via plea agreement), that his sentence is set to expire on January 1, 2019, and that Defendants refused to close his and his wife's CPS case involving Plaintiff's biological daughter ("W.D.") even though they have done everything required to retain custody of her. (ECF No. 1-1 at 3–5; ECF No. 14 at 2.) Plaintiff argues that CPS is motivated by his sex offender status, even though as a Tier II sex offender he can legally be around children, live near schools, go to amusement parks, and live in a house with children as long as there is a non-sex offender supervising adult (his wife). (ECF No. 1-1 at 3–4; ECF No. 16 at 3–5.)

Upon screening, Plaintiff was allowed to proceed with his first three counts; claims against the State of Nevada were dismissed. (ECF Nos. 1-1; ECF No. 6 at 7.) In count I, Plaintiff alleges that his right to life, liberty, and the pursuit of happiness will be denied when his sentence expires because Defendants will take W.D. if he returns home to his wife. (ECF No. 1-1 at 5–6.) The Court construed the asserted facts supporting this claim to assert a claim of protection for familial relationships under the First Amendment and relating to a fundamental liberty interest in companionship of child under the Fourteenth Amendment. (ECF No. 6 at 4–5.) Count II was construed as asserting a claim of violation of Plaintiff's equal protection rights because he alleges that Defendants excluded him from the family reunification plan with his wife because he is a *male* sex offender. (*Id.* at 6.) Count III was construed as asserting an Eighth Amendment claim on the basis that alleged threat to take away W.D. because of Plaintiff's conviction exceeded Plaintiff's imposed punishment. (*Id.* at 7.)

On October 22, 2018, Plaintiff filed a motion for appointment of CJA civil rights counsel under 28 U.S.C. § 1915 and an emergency motion to expedite a motion for preliminary injunction ("PI Motion" (ECF No. 9)) he had previously filed. (ECF Nos. 11, 12.) With the PI Motion Plaintiff includes an amended complaint containing his wife's name as an involuntary plaintiff. (ECF No. 9-1 at 2.) In the emergency motion to expedite his PI Motion, Plaintiff asserts that the *state has moved* to terminate his parental rights because he is a sex offender expiring his sentence. (ECF No. 12.) Ultimately, Plaintiff asks the

2

Court to enjoin the termination of his parental rights in the state proceedings because of his sex offender status. (*Id.* at 2, 5.)

Further background regarding Plaintiff and this action is included in the R&R, which this Court adopts.

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

In light of Defendant's objection to the Magistrate Judge's R&Rs, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt the R&R in full.

## IV. DISCUSSION

The Court agrees with Judge Cobb that this case should be dismissed under *Younger*.

*Younger* abstention is a jurisprudential doctrine that cautions federal courts against interfering with ongoing state criminal, civil, and administrative proceedings. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091–92 (9th Cir. 2008). The doctrine seeks to balance "overlapping principles of equity, comity, and federalism." *Id.* at 1091.

Under *Younger*, federal abstention is appropriate in civil cases where state proceedings: "(1) are ongoing, (2) are quasi-criminal enforcement actions *or* involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citations omitted) (emphasis added); *see also Middlesex Cty. Ethics Comm. v. Garden*

3

*State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("Where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims.") (internal quotation and citation omitted).

"If [the] four threshold elements are established, we then consider a fifth prong: (5) whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Rynearson v. Ferguson*, 903 F.3d 920, 924–25 (9th Cir. 2018) (citation omitted). Exceptions to invoking *Younger* includes where there is a "showing of bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm.*, 457 U.S. at 435.

Here, all elements for the application of *Younger* are met. This action concerns an ongoing state court proceeding in which Plaintiff expressly seeks direct federal intervention. Further, Nevada undoubtedly has *important* state interests in enforcing judgments and orders concerning termination of the parent-child relationship at issue. *See Moore v. Sims*, 442 U.S. 415, 426 (1979) ("Family relations are a traditional area of state concern); *Peterson v. Babbit*, 708 F.2d 465, 466 (9th Cir. 1983) ("The strong state interest in domestic relation matters, the superior competence of state courts in settling family disputes because regulations and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate."). Additionally, constitutional challenges and claims Plaintiff asserts regarding the termination proceedings here (ECF No. 16 at 2, 5–7) may be raised in the state forum. *See, e.g.*, *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) ("If the constitutional claims in [a child custody case] have independent merit, the state courts are competent to hear them. Given the state courts' strong interest in domestic relations, we do not consider that the district court abused its discretion when it invoked the doctrine of abstention.") Therefore, this Court will abstain from interfering with the ongoing state proceedings unless an exception to *Younger* abstention applies.

In his objection, Plaintiff argues that the exceptions of bad faith and harassment apply to this case. (ECF No. 16 at 3–5, 8.) The Court disagrees.

Plaintiff's bad faith argument rests on his contention that albeit he and his wife having done everything required to keep W.D., Defendants have refused to reunify the family—or at least him with W.D.—because of Plaintiff's Tier II sex offender status, and in retaliation of Plaintiff filing this action. (*Id.* at 3–4.) But Plaintiff also indicates that it is unclear as to why Defendants took his daughter. (*Id.* at 4 ("Issues of fact remains: "Did Douglas take [W.D.] because of my conduct and the fact I am getting out of prison off parole which is protected? Or because my wife had other sex offenders around my child? . . .")); *id.* at 8 ("An evidentiary hearing is needed to determine the true cause of taking [W].") Therefore, as Plaintiff appears to merely speculate about why W.D. had been taken, Plaintiff has not established his own theory that Defendants are acting in bad faith in the ongoing state proceedings.

Plaintiff's harassment argument is likewise futile. Plaintiff's harassment argument is muddled. (*Id.* at 5, 8.) But again he focuses on his conviction, arguing that there is an "overreaction" to his Tier II sex offender status, and that Nevada law applicable to the termination proceedings, and supervision of "all sex offenders" is unconstitutional and/or vague. (*Id.*) Plaintiff's argument is not one of harassment at all. To the extent Plaintiff attempts to raise constitutional challenges, the state court is well-equipped to address Plaintiff's constitutional arguments, so long as Plaintiff raises them before that court. In short, Plaintiff has failed to establish the harassment exception.

The Court recognizes that termination of family ties and parental rights is generally an extraordinary circumstance. However, the Court can only speculate whether the state court will find the necessary grounds for termination of Plaintiff's parental rights. Only the state court has the full facts before it to consider whether such termination would be warranted, or less extraordinary than the potential risks of maintaining the parental child relationship at issue. Plaintiff raises concerns about the state court's ability or willingness to protect his constitutional rights (ECF No. 16 at 5–7), but state courts are adept to rule

5

within the confines of the applicable law. *See, e.g.*, *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quotations and citations omitted) ("[A] state has a vital interest in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory. This is a particular appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have special expertise and experience."); *see also Santosky v. Kramer*, 455 U.S. 745, 769 (1982) (holding that state courts must establish facts to a particular degree of certainty in proceedings to terminate family ties to satisfy due process—requiring a "clear and convincing evidence standard of proof [to strike] a fair balance between the rights of the natural parents and the [s]tate's *legitimate* concerns") (emphasis added).

Moreover, Plaintiff essentially asks this Court to bar the state court from considering his sex offender conviction in deciding whether to terminate his parental rights to W.D. (*See* ECF No. 16 at 2, 8.) Even if this Court could grant Plaintiff's request, it would have the impermissible practical effect of enjoining the state court proceedings—by directing the state court to limit its consideration of the matter before it and deciding for the state court what facts are relevant to the decision it must make. To be clear, Plaintiff does not argue that Nevada law "clearly bars the interposition of [his] constitutional claims" in the state proceedings—particularly Plaintiff's claims concerning his Tier II sex offender status. *Middlesex Cty. Ethics Comm.*, 457 U.S. at 432 (quoting *Moore*, 442 U.S. at 426). Thus, there is no reason to think his concerns cannot (or will not) be addressed in the state court.

In sum, the Court finds the *Younger* abstention requirements have been met and Plaintiff has failed to establish any exception to this Court invoking the doctrine.[2]

///

///

---

[2]Plaintiff raises other concerns regarding the state proceedings and his rights that this Court declines to address having decided to abstain in this matter. (*See generally* ECF No. 16.) Nonetheless, to the extend Plaintiff is concern about having legal representation in the state proceedings (ECF No. 16 at 6, 9), the Court notes, as Judge Cobb did, "indigent parents involved in [termination of parental rights proceedings] may be entitled to a court-appointed attorney[,]" upon request (ECF No. 14 at 9).

## V. CONCLUSION

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 14) is accepted and adopted in full. This case is dismissed under the *Younger* abstention doctrine.

It is further ordered that the pending motions (ECF Nos. 3, 9, 11, 12, 13) are denied as moot.

The Clerk is directed to enter judgment accordingly and close this case.

DATED THIS 12th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE